# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD L. BAKER, pro se, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> U.S. DEPARTMENT OF AGRICULTURE, ) <br> MR. MIKE JOHANNS, SECRETARY OF ) <br> AGRICULTURE, ) <br> ) <br> Defendants. ) <br> ) | Case No. 06-CV-467-GKF-SAJ |

## **O P I N I O N  A N D  O R D E R**

This matter comes before the Court on the following motions: Defendants' Motion to Dismiss in Part [Docket No. 26], Plaintiff's' Motion to Add Charge of Slander to Complaint [Docket No. 42], and Plaintiff's Motion to Present Evidence to Jury [Docket No. 41].

<u>Defendants' Motion to Dismiss in Part</u>

Defendants seek dismissal of the following portions of plaintiff's complaint: (1) any claim the plaintiff is or may be asserting under the United States Constitution,[1] because the Rehabilitation Act of 1973 provides the exclusive remedy for disability discrimination by a federal employee; (2) any class action claim[2], because a *pro se* plaintiff cannot litigate a class action; and (3) any claim against the U.S. Department of Agriculture, because federal law provides that the Secretary of Agriculture is the proper party defendant.

---

[1] Because plaintiff Donald L. Baker ("Mr. Baker") appears *pro se*, the Court reviews his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys. *Trackwell v. U.S. Government,* 472 F.3d 1242, 1243 (10th Cir. 2007). Mr. Baker suggests that one source of remedy available to him in this case is the United States Constitution. *See* Complaint, Docket No. 2, at pp. 2-3.

[2] Mr. Baker states in Paragraph (C)(5) of his Complaint that "[t]he inequities and injustices in this case affect not only the Plaintiff, but the entire class of Disabled Americans."

Agencies of the United States cannot be sued unless Congress expressly waives sovereign immunity. *United States v. Dalm,* 494 U.S. 596, 608 (1990). Disability discrimination against federal employees is governed by the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 *et seq.* The Rehabilitation Act provides a private right of action against the federal government by federal employees subjected to employment discrimination based on handicap. *Johnson v. United States Postal Service,* 861 F.2d 1475, 1477 (10th Cir. 1988). Furthermore, the Rehabilitation Act is the exclusive remedy for discrimination in employment by a federal employee on the basis of handicap. *Id.; compare Ford v. West,* 222 F.3d 767 (10th Cir. 2000)(5th Amendment equal protection claim fails because Title VII provides the exclusive remedy for race discrimination claims in federal employment). Because the Rehabilitation Act of 1973 provides the exclusive remedy for handicap discrimination in the federal service, any asserted claims which arise under the United States Constitution must be dismissed.

Generally, a *pro se* plaintiff lacking any formal training in the law does not possess sufficient legal skills to represent others in class litigation. Upon review of Mr. Baker's filings in this case, the Court finds and concludes that Mr. Baker is not an adequate representative for the putative class of Disabled Americans under Fed. R. Civ. P. 23(a)(4). The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000), *quoting Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

The Rehabilitation Act of 1973 explicitly incorporates the provisions "set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16) . . . ." 29 U.S.C. § 794a(a)(1). Section 2000e-16 provides, in pertinent part, that in a civil action "the head of the department, agency, or

unit, as appropriate, shall be the defendant." Mr. Baker properly named the Secretary of Agriculture as a defendant in this civil action. The other defendant (the U.S.D.A.), however, must be dismissed as an improper party defendant under the terms of the Rehabilitation Act of 1973.

For the reasons set forth above, the Court concludes that the motion to dismiss in part must be granted. This action therefore proceeds on plaintiff's claim of disability discrimination pursuant to the Rehabilitation Act of 1973.

Plaintiff's' Motion to Add Charge of Slander to Complaint

Mr. Baker seeks leave to amend his complaint by adding a claim of slander. Leave to amend shall be given freely, although a district court may deny leave to amend where amendment would be futile. *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Id.*

Because Mr. Baker's proposed slander claim arose in the context of his federal employment, it is preempted by the comprehensive provisions of the Civil Service Reform Act. *Philippus v. Griffin*, 759 F.2d 806, 808-09 (10th Cir. 1985). In addition, slander claims against the United States are barred by 28 U.S.C. § 2680(h). *Thomas-Lazear v. F.B.I.,* 851 F.2d 1202, 1206-07 (9th Cir. 1988). Finally, even if the slander claim was actionable, Mr. Baker has not exhausted administrative remedies with the USDA as required by federal law. 28 U.S.C. § 2675(a). For these reasons, the Court concludes that permitting Mr. Baker to amend his complaint to add a slander claim would be futile.

Plaintiff's Motion to Present Evidence to Jury

In his Motion to Present Evidence to Jury, Mr. Baker seeks an order permitting the jury to: (1) read the written materials attached to the motion (three pages from the PBS website on the

"FRONTLINE" program entitled "A Class Divided;" four pages from the janeelliott.com website describing available videos on the subject of discrimination; two pages from the JSTOR.org website regarding an review in the journal *Teaching Sociology* about the video *A Class Divided*; and a redacted letter dated July 20, 2001 from Darrel Temple); and (2) watch a video of *A Class Divided.* In response, the defendants suggest that the issues of the admissibility of plaintiff's proposed evidence should be addressed by means of a motion in limine to be filed by defendant close to the time of trial. Whether defendants file a motion in limine or not, Mr. Baker's Motion to Present Evidence to Jury is procedurally improper and at best premature. Mr. Baker is hereby advised that as this case proceeds towards trial, he will be required, pursuant to a scheduling order which will be issued by the Court, to (among other things): 1) provide the opposing party with a list of proposed exhibits and proposed witnesses; 2) list his proposed trial exhibits, together with any objections he may have to the opposing party's proposed trial exhibits, in the Proposed Pretrial Conference Order to be prepared by both parties to this action (the Proposed Pretrial Conference Order will be due shortly before the Final Pretrial Conference and close to the time of trial); and 3) exchange proposed trial exhibits with opposing counsel.

WHEREFORE, Defendants' Motion to Dismiss in Part [Docket No. 26] is granted, Plaintiff's' Motion to Add Charge of Slander to Complaint [Docket No. 42] is denied, and Plaintiff's Motion to Present Evidence to Jury [Docket No. 41] is denied.

IT IS SO ORDERED this 13th day of August 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma