**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DONALD L. BAKER, pro se, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CV-467-GKF-SAJ |
| ) | |
| U.S. DEPARTMENT OF AGRICULTURE, ) | |
| MR. MIKE JOHANNS, SECRETARY OF ) | |
| AGRICULTURE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPINION AND ORDER**

Before the court is "Plaintiff's Motion to Settle Differences about the ADA" (Docket No. 66).

Plaintiff Donald L. Baker ("Baker") requests that the court either: (1) rule that the American with Disabilities Act ("ADA") applies in this case (rather than the Rehabilitation Act of 1973), and permit references to the ADA and case law; or (2) find that the ADA does not apply to Baker's action and prohibit the U.S. Attorney from referring to or relying on any case law that cites the ADA.

The court previously held that the Rehabilitation Act of 1973 provides the exclusive remedy for disability discrimination by a federal employee. (Docket No. 51 at 2). Baker's claim arises under the Rehabilitation Act of 1973. However, the Rehabilitation Act incorporates certain provisions of the ADA and, therefore, cases citing the ADA may be considered in an action under the Rehabilitation Act. *Woodman v. Runyon*, 132 F.3d 1330, 1339 n.8 (10th Cir. 1997) ("Cases decided under section 504 of the Rehabilitation Act are therefore applicable to cases brought under the ADA and vice versa, except to the extent the ADA expressly states otherwise. *See* 29 C.F.R. pt. 1630, App. 1630 ('Unless expressly stated otherwise, the standards applied in the ADA are not

intended to be lesser than the standards applied under the Rehabilitation Act of 1973.')"). The parties, including Baker, may, in presenting an argument or in responding to an argument, state why a particular case either is or is not supportive of a point because it is an ADA case.

**WHEREFORE**, Plaintiff's Motion to Settle Differences about the ADA is hereby granted. (Docket No. 66). Plaintiff's claim for handicap discrimination arises under the Rehabilitation Act of 1973. However, the parties may, when appropriate, cite cases brought under the ADA.

IT IS SO ORDERED this 16th day of November 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma