# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD L. BAKER, pro se, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.  06-CV-467-GKF/SAJ |
| U.S. DEPARTMENT OF AGRICULTURE, MR. MIKE JOHANNS, SECRETARY OF AGRICULTURE, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

The court has before it Plaintiff's Request for Expedited Motion(s) Regarding Deposition of Mr. Bobby Sappington [Dkt. #107].  No response has been filed by the Defendant even though a certificate of service is attached.  While the court must review the merits of motions filed regardless of response, Defendant is admonished that response is required pursuant to the federal and local court rules.  Repeated failure to respond may result in court action.

Plaintiff states he has asked to depose Mr. Sappington and proposed a tentative date but was told by Defendant's counsel that a certified court reporter ("certified reporter") must be employed or the deposition, and any information from it, will not be admissible at trial. Plaintiff states he does not have funds sufficient to cover the deposit required by a certified reporter, as this would amount to almost half his monthly disability income.

Plaintiff proposes he be allowed to bring his own camera to record the deposition

and asks the court to waive the requirement of a certified reporter.  Alternatively, Plaintiff asks the court to provide a certified reporter or deny Defendant the "right to objections at trial and allow a much more extensive interrogation" of the witness. Plaintiff also requests a meeting room be provided on neutral ground.

Although rarely invoked, the federal rules provide alternatives to stenographic recording of a deposition.  Fed.R.Civ.P. 30 (b)(3)[1] states:

> Testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any person may arrange to transcribe a deposition.

Pursuant to Rule 30 (b)(3)(B), Defendant may elect to designate a different form of recording in addition to that designated by Plaintiff as follows:

> With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.

Fed.R.Civ.P. 28 lists those persons before whom depositions may be taken, including an officer authorized to administer oaths by federal law. This includes federal courtroom deputies.  The officer's duties are set forth in Fed.R.Civ.P. 30 (b)(5).

Fed.R.Civ.P. 30 (c)(1) establishes how the deposition is to proceed. Once the deponent is put under oath, the officer administering the oath must record the testimony by the predesignated method or designate another person acting in the presence and under the direction of the officer to record the testimony.

The procedure for certification and delivery of the transcript or recording is set forth in Fed.R.Civ.P. 30 (f).

The court finds  the interests of justice will be served by allowing Plaintiff to take the

---

[1]Repeat citations to federal rules may be shortened to "Rule __."

deposition of Mr. Sappington in the Page Belcher Federal Building, 333 W. Fourth Street, in a room to be designated and arranged by the courtroom deputy of the undersigned, upon notice to the courtroom deputy of an agreed date and time. The deposition will be taken pursuant to the above-cited federal rules.

Counsel for Defendant is to cooperate with Plaintiff in making the witness available as previously agreed and finding an agreed date and time for the deposition to be taken within twenty (20) days of the date of this Order. Plaintiff shall advise Defendant's counsel and the court of his designation of recording device within five (5) days of the date of this Order. Defendant's counsel shall advise Plaintiff and the court within five (5) days thereafter whether Defendant elects to proceed under Rule 30 (b)(3)(B). Contact telephone number for the courtroom deputy is 699-4761.

Accordingly, the court finds the motion shall be granted in part and denied in part as set forth herein.

IT IS SO ORDERED THIS 24TH DAY OF MARCH, 2008.

Sam A. Joyner
United States Magistrate Judge