**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DONALD L. BAKER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MR. MIKE JOHANNS, )<br>SECRETARY OF AGRICULTURE, )<br>)<br>Defendant. ) | Case No. 06-CV-467-GKF-SAJ |

**OPINION AND ORDER**

This matter comes before the court on the Motion for Summary Judgment [Dkt. # 119] filed by defendant Mike Johanns, Secretary of the United States Department of Agriculture ("USDA").

**Background**

In May, 2001, the USDA's Hydraulic Engineering Research Unit ("HERU") located in Stillwater, Oklahoma, hired plaintiff Donald L. Baker ("Mr. Baker") as a GS-12 soil scientist. The position was temporary, for no more than two years. Mr. Baker received permission to work a reduced 30 hour work week because of a medical condition resulting from a 1985 motor vehicle accident. In early January, 2002, Mr. Baker instructed United Parcel Service ("UPS") to deliver a personal package to him at work, in violation of HERU guidelines. On January 8, 2002, when Mr. Baker had not received the package, he telephoned UPS from work and spoke to the UPS supervisor and driver. During the phone call, Mr. Baker lost his temper, shouted at the driver, calling him a "f***ing idiot" or a "f***ing moron" and hung up. Some of Mr. Baker's fellow employees heard the conversation. The next day, Laboratory Director Temple directed Mr. Baker to submit a written statement about the incident. On January 31, 2002, the USDA terminated Mr. Baker for conduct unbecoming a federal employee. Mr. Baker filed this case in September of 2006, alleging his

termination violated the Americans with Disabilities Act ("ADA"). 42 U.S.C. §§ 12101, *et seq.* (2008).

## Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court "must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1124 (10th Cir. 2005). "The nonmoving party must identify sufficient evidence which would require submission of the case to a jury. Where the nonmoving party bears the burden of proof at trial, that party must go beyond the pleadings and identify specific facts that demonstrate the existence of an issue to be tried by the jury." *Jencks v. Modern Woodmen of Am.*, 479 F.3d 1261, 1264 (10th Cir. 2007) (internal citations omitted). To survive a motion for summary judgment, the nonmovant "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986).

The court liberally construes Mr. Baker's *pro se* response to a motion for summary judgment, and holds him to a less stringent standard than a plaintiff whose pleadings are drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110, n. 3 (10th Cir. 1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)). However, it is not the proper function of the court to assume the role of advocate for the *pro se* litigant. *Id.* at 1110. In the absence of specific reference to exhibits or testimony, the court will not search the record for dormant evidence which might require submission of the case

to a jury.  *Thomas v. Wichita Coca-Cola Bottling Co.*  968 F.2d 1022, 1024-25 (10th Cir. 1992).[1]

Under the analytical framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04 (1973), Mr. Baker must initially establish a *prima facie* case of discrimination under the ADA. The burden then shifts to the USDA to show a valid, non-discriminatory reason for its action, after which Mr. Baker may attempt to show the USDA's proffered reason was pretextual.  *See Williams v. Widnall,* 79 F.3d 1003, 1005, n. 3 (10th Cir. 1996).

After review, the court concludes that the USDA's Motion for Summary Judgment must be granted for at least two reasons.  First, Mr. Baker has failed to raise a genuine issue with regard to an essential element of his *prima facie* case – that the USDA terminated him because of his disability.  Second, even if Mr. Baker was able to establish a *prima facie* case of discrimination under the ADA, the USDA has articulated a legitimate, non-discriminatory reason for terminating Mr. Baker – his angry and profane exchange with a member of the public during work hours – and Mr. Baker has not established a question of material fact that the proffered reason was pretextual.

To establish a *prima facie* of case discrimination under the ADA, Mr. Baker must establish (1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified, that is, with or without reasonable accommodation, he is able to perform the essential functions of the job; and, (3) that the employer terminated him because of his disability.  *White v. York Int'l Corp.*, 45 F.3d 357, 360-61 (10th Cir. 1995).

To establish he is "disabled" within the meaning of the ADA, Mr. Baker must first show a recognized "impairment," and second, he must identify at least one "major life activity."  Finally,

---

[1] Mr. Baker's exhibits, a CD, consisting of over 4,000 separate files, total roughly 10,000 and 20,000 pages. Mr. Baker references approximately 340 of the exhibits in his response brief [Dkt. # 196].

Mr. Baker must show that his impairment "substantially limits" one or more of those activities. *Doebele v. Sprint/United Management Co.,* 342 F.3d 1117, 1129 (10th Cir. 2003). Mr. Baker articulates several impairments within the scope of 29 C.F.R. § 1630.2. For the purposes of this motion for summary judgment only, the court assumes that Mr. Baker has established that he is a disabled person within the meaning of the ADA,[2] and that he is able to perform the essential functions of the job. However, the court concludes that Mr. Baker was not fired because of his disability, but rather, because of his admitted violation of USDA's policies. Put simply, Mr. Baker has not raised a genuine issue of material fact that the USDA terminated him because of his disability. As such, Mr. Baker is unable to establish a *prima facie* case. *See White*, 45 F.3d at 360-61.

Even if the Court were to find that Mr. Baker has established a *prima facie* case of discrimination under the ADA, his claims would still fail as a matter of law because the USDA has proffered a valid, non-discriminatory reason for his termination, and Mr. Baker has not shown that the USDA's proffered reason was pretextual. *See McDonnell Douglas,* 411 U.S. at 802-04.

Mr. Baker does not dispute that he engaged in an angry and profane exchange with a member of the public during work hours. The USDA explained to Mr. Baker that he was being terminated because such behavior was unacceptable, and unbecoming of a federal employee. The USDA has thus satisfied its burden of articulating a legitimate, non-discriminatory reason for the discharge. The burden therefore shifts back to Mr. Baker to show that a reasonable trier of fact could regard the USDA's proffered basis as mere pretext.

To show pretext sufficient to avoid summary judgment, Mr. Baker must present "evidence

---

[2] Thus, the court need not decide Baker's claims that the USDA "regarded" him as disabled during his employment.

of such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact-finder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1209 (10th Cir. 2007).

Mr. Baker admits that he arranged for a personal package to be delivered to the USDA site against regulations and that he shouted profane language at the UPS driver in the USDA office. The court finds no evidence that the USDA acted contrary to a written company policy prescribing the action to be taken by the USDA under such circumstances, or acted contrary to an unwritten policy or contrary to company practice in dismissing Mr. Baker for this behavior. *Kendrick v. Penske Transp. Servs., Inc.,* 220 F.3d 1220, 1230 (10th Cir. 2000).

Mr. Baker states he had a poor relationship with his supervisor. Mr. Baker's complaints about that relationship center around Baker's disagreement with certain of his supervisor's methodologies, practices, and technical conclusions. Taking the complaints as true, Mr. Baker still fails to present evidence of pretext, and no reasonable fact-finder could find the legitimate reasons given for the discharge to be unworthy of credence. *See McWilliams*, 463 F.3d at 1116. There is nothing weak, implausible, inconsistent, incoherent, or contradictory about the reason provided by the USDA for Mr. Baker's termination. *See Proctor*, 502 F.3d at 1209.

WHEREFORE, defendant's Motion for Summary Judgment [Docket #119] is granted, and "Plaintiff's Daubert and Limine Motions" [Docket. # 115] are moot.

IT IS SO ORDERED this 14th day of October, 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

5